THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RYAN FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CITY OF LINCOLN, a Municipal Corporation, Lincoln Police Sergeant KEVIN LYNN, Individually and as Agent or Employee of CITY OF LINCOLN, Lincoln Police Corporal SHAWN PETTIT, Individually and as Agent or Employee of CITY OF LINCOLN, Lincoln Police Chief PAUL ADAMS, Individually and as Agent or Employee of CITY OF LINCOLN, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## COMPLAINT AT LAW

Plaintiff, RYAN FRYE ("Frye"), by his attorneys, JAMES KELLY LAW FIRM, with its lead counsel James M. Kelly, and for his Complaint against Defendants, CITY OF LINCOLN ("the City"), KEVIN LYNN ("Lynn"), SHAWN PETTIT ("Pettit"), and PAUL ADAMS ("Adams"), states:

### JURISDICTION AND VENUE

1. This action is pursuant to the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and the laws of the State of Illinois.

2. The Court has jurisdiction pursuant to the provisions of Title 28 of the Untied States Code, Sections 1331 and 1343. Supplemental jurisdiction exists pursuant to Title 28 of the Untied States Code, Section 1367.

3. Venue is proper in the Unites States District Court of the Central District of Illinois pursuant to Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within the district.

## PARTIES

4. Frye is a resident of the City of Lincoln, County of Logan, State of Illinois, and a citizen of the Untied States.

5. The City is a municipal corporation organized, existing and doing business under the laws of the State of Illinois in Logan County, and at all times relevant provided police services in the City through the Lincoln Police Department.

6. Adams, Lynn, and Pettit were at all times relevant, sworn police officers employed by the City and were acting within the scope of their agency, service, and employment with the City, and were acting under color of law pursuant to the statutes, ordinances, regulations, customs and usages of the State of Illinois. Adams, Lynn, and Pettit are sued in their individual capacities and as agents to the City.

## FACTS

7. On September 27, 2020, Lynn and Pettit, were involved in the arrest of Frye.

8. Subsequent to his arrest, Frye was transported to the Logan County Jail in a Lincoln Police Department vehicle.

9. While being transported in the vehicle, Frye was handcuffed with his hands behind his back.

10. The Lincoln Police Department vehicle entered the sally port of the Logan County Jail with Frye in the vehicle.

11. After the Lincoln Police Department vehicle stopped in the sally port of the Logan County Jail, Frye exited the vehicle.

12. As soon as Frye exited the vehicle, Logan County Jail personnel approached Frye to take his temperature with a handheld device.

13. Frye attempted to talk to the Logan County Jail personnel.

14. While talking to the officers, Lynn, who had just entered Logan County Jail sally port, charged towards Frye and the Logan County Jail personnel, grabbed the handheld temperature device from the Logan County Jail personnel, and rushed toward Frye.

15. Frye who was still handcuffed behind his back, moved to brace for the assault and battery by Lynn.

16. Pettit then, with Lynn's assistance, shoved Frye into the back seat of the Lincoln Police Department vehicle.

17. Immediately after Frye was shoved into the vehicle, Lynn fired his taser weapon into Frye's back.

18. Frye felt extreme pain as soon as he was tasered.

20. The conduct of Frye, who was handcuffed at the time, did not warrant deployment of a taser.

21. Adams is the Chief of the Lincoln Police Department.

22. As Chief of the Lincoln Police Department, Adams is ultimately responsible for the supervision of the personnel of the department.

23. As Chief of the Lincoln Police Department, Adams is responsible for implementation of guidance and training of Lincoln Police Department members concerning use of force, such as a taser deployment.

24. The Lincoln Police Department training concerning use of taser weapons was not adequate.

## COUNT I - FEDERAL CLAIM
## EXCESSIVE FORCE (DEFENDANTS LYNN AND PETTIT)

25. Plaintiff repeats and realleges Paragraphs 1-24 as fully set forth herein.

26. The force used against Frye by Lynn and Pettit was unnecessary and objectively unreasonable under the totality of the circumstances.

27. At all times relevant, Lynn and Pettit were acting under color of statutes, ordinances, regulations, customs, and usages of the State of Illinois, and within the scope of their employment as City of Lincoln Police Officers.

28. The actions of Lynn and Pettit are constituted unreasonable, unjustifiable, and excessive force against Frye, violating his rights under the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

29. As a proximate result of Lynn and Pettit's misconduct, Frye suffered extreme physical and emotional pain and suffering.

Plaintiff, RYAN FRYE, prays for judgment against Defendants, KEVIN LYNN and SHAWN PETTIT in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT II - FEDERAL CLAIM
## FAILURE TO PROPERLY TRAIN AND SUPERVISE (DEFENDANT ADAMS)

30. Plaintiff repeats and realleges Paragraphs 1-29 as fully set forth herein.

31. Adams had a duty to properly train and supervise members of the Lincoln Police Department in the use of force, including taser deployment.

32. Deployment of a taser against Frye under the circumstances was not consistent with commonly accepted law enforcement guidelines concerning such deployment.

33. Deployment of a taser against Frye under the circumstances demonstrates a failure to train and supervise members of the Lincoln Police Department in the proper use of force, including taser deployment.

34. Adams knew, or should have known, that such a failure to train and supervise would result in improper deployment of force and demonstrates a deliberate indifference of the consequences of such failure to train and supervise.

35. Adam's failure to train and supervise concerning the proper deployment of force, including taser deployment, is the proximate cause of Frye's injuries.

Plaintiff, RYAN FRYE, prays for judgment against Defendant, PAUL ADAMS, in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT III - STATE CLAIM BATTERY
## (DEFENDANTS, LYNN PETTIT AND CITY OF LINCOLN)

36. Plaintiff repeats and realleges Paragraphs 1-35 as fully set forth herein.

37. All of the times relevant, Lynn, Pettit, and the City, by and through their agents, Lynn and Pettit, had a duty to refrain from willful and wanton conduct in their treatment of citizens and individuals in their custody, including Frye.

38. As set forth above, Lynn, Pettit, and the City, by and through their agents, Lynn and Pettit intentionally, knowingly, and without legal justification or permission, committed an offensive touching of Frye's body, thereby constituting battery under Illinois law.

39. Lynn and Pettit's conduct was intentional, malicious, and willful and wanton.

40. As a proximate result of Lynn and Pettit's misconduct, Frye suffered serious injuries, and extreme physical and emotional pain and suffering.

Plaintiff, RYAN FRYE, prays for judgment against Defendants, CITY OF LINCOLN KEVIN LYNN and SHAWN PETTIT, in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT IV - STATE CLAIM
## INDEMNIFICATION OF CITY OF LINCOLN

41. Plaintiff repeats and realleges Paragraphs 1-40 as fully set forth herein.

42. At all relevant times, the City was the employer of Lynn and Pettit.

43. Lynn and Pettit committed the acts alleged above under color of law and in the scope of their employees of the City.

44. Illinois law provides those governmental entities are directed to pay any tort judgments for any damages for which employees are liable within the scope of their employment activities.

Defendant, LYNN and PETTIT, should be found liable on one or more of the claims set forth above, the Plaintiff, RYAN FRYE, demands that, pursuant to Illinois Law, Defendant, CITY OF LINCOLN, be found liable for any judgment Plaintiff obtains against one or more of the foresaid Defendants, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, RYAN FRYE,

By: *s/ James M. Kelly*
James M. Kelly

James M. Kelly (ARDC# 6238519)
Jason W. Jording (ARDC# 6309358)
Jay L. Cohen (NY Bar# 1793074)
JAMES KELLY LAW FIRM
7817 N. Knoxville Avenue
Peoria, IL 61614
T: (309) 679-0900
F: (309) 679-0919
jim@jameskellylawfirm.com
jasonj@jameskellylawfirm.com
*Attorneys for Plaintiff*