UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RYAN FRYE, | ) |
| | ) |
| Plaintiff, | ) Case No. 21-CV-1272 |
| | ) |
| vs. | ) |
| | ) Judge Sara Darrow |
| CITY OF LINCOLN, a Municipal Corporation, | ) |
| Lincoln Police Sgt. KEVIN LYNN, Individually | ) Magistrate Judge Jonathan E. Hawley |
| and as Agent or Employee of City of Lincoln, | ) |
| Lincoln Police Corporal SHAWN PETTIT, | )  Jury Trial Demanded |
| Individually and as Agent or Employee of | ) |
| City of Lincoln, Lincoln Police Chief | ) |
| PAUL ADAMS, Individually and as Agent | ) |
| or Employee of City of Lincoln, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT AT LAW

NOW COME the Defendants, CITY OF LINCOLN, KEVIN LYNN, SHAWN PETTIT, and PAUL ADAMS, by their attorney, CHARLES E. HERVAS of HERVAS, CONDON & BERSANI, P.C., and for their Answer to Plaintiff's Complaint at Law, state as follows:

### JURISDICTION AND VENUE

1. This action is pursuant to the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and the laws of the State of Illinois.

**ANSWER:** The Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint at Law.

2. The Court has jurisdiction pursuant to the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Supplemental jurisdiction exists pursuant to Title 28 of the United States Code, Section 1367.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint at Law.**

3. Venue is proper in the United States District Court of the Central District of Illinois pursuant to Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within the district.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint at Law.**

## PARTIES

4. Frye is a resident of the City of Lincoln, County of Logan, State of Illinois, and a citizen of the United States.

**ANSWER:** **The Defendants admit that Plaintiff Frye is a resident, but have insufficient knowledge to admit or deny that he is a U.S. citizen.**

5. The City is a municipal corporation organized, existing and doing business under the laws of the State of Illinois in Logan County, and at all times relevant provided police services in the City through the Lincoln Police Department.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint at Law.**

6. Adams, Lynn, and Pettit were at all times relevant, sworn police officers employed by the City and were acting within the scope of their agency, service, and employment with the City, and were acting under color of law pursuant to the statutes, ordinances, regulations, customs and usages of the State of Illinois. Adams, Lynn, and Pettit are sued in their individual capacities and as agents to the City.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint at Law. However, the Defendants deny that Chief Adams had any active role in the incident with the Plaintiff.**

## FACTS

7. On September 27, 2020, Lynn and Pettit, were involved in the arrest of Frye.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint at Law.**

8. Subsequent to his arrest, Frye was transported to the Logan County Jail in a Lincoln Police Department vehicle.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint at Law.**

9. While being transported in the vehicle, Frye was handcuffed with his hands behind his back.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint at Law.**

10. The Lincoln Police Department vehicle entered the sally port of the Logan County Jail with Frye in the vehicle.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint at Law.**

11. After the Lincoln Police Department vehicle stopped in the sally port of the Logan County Jail, Frye exited the vehicle.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint at Law.**

12. As soon as Frye exited the vehicle, Logan County Jail personnel approached Frye to take his temperature with a handheld device.

**ANSWER:** **The Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint at Law.**

13. Frye attempted to talk to the Logan County Jail personnel.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint at Law.**

14. While talking to the officers, Lynn who had just entered Logan County Jail sally port, charged towards Frye and the Logan County Jail personnel, grabbed the handheld temperature device from the Logan County Jail personnel, and rushed toward Frye.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint at Law.**

15. Frye who was still handcuffed behind his back, moved to brace for the assault and battery by Lynn.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint at Law.**

16. Pettit then, with Lynn's assistance, shoved Frye into the back seat of the Lincoln Police Department vehicle.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint at Law.**

17. Immediately after Frye was shoved into the vehicle, Lynn fired his taser weapon into Frye's back.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint at Law. However, the Defendants admit Plaintiff was tased after actively resisting efforts by Lynn and Pettit to take Plaintiff's temperature.**

18. Frye felt extreme pain as soon as he was tasered.

**ANSWER:** **The Defendants have insufficient information to admit or deny this allegation and demand strict proof thereof.**

19. No Number 19 (skipped)

20. The conduct of Frye, who was handcuffed at the time, did not warrant deployment of the taser.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint at Law.**

21. Adams is the Chief of the Lincoln Police Department.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint at Law. However, former Chief Adams admits he was the Police Chief but has since retired from the Lincoln Police Department.**

22. As the Chief of the Lincoln Police Department, Adams is ultimately responsible for the supervision of the personnel of the department.

**ANSWER:** **The Defendants admit that Chief Adams was ultimately responsible for supervision of the personnel of the department.**

23. As Chief of the Lincoln Police Department, Adams is responsible for implementation of guidance and training of Lincoln Police Department members concerning use of force, such as a taser deployment.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint at Law. However, the Defendants admit that the Police Chief oversees the policies and practices of the Police Department.**

24. The Lincoln Police Department training concerning use of taser weapons was not adequate.

**ANSWER:** **The Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint at Law.**

## COUNT I – FEDERAL CLAIM

### EXCESSIVE FORCE (DEFENDANTS LYNN AND PETTIT)

25. Plaintiff repeats and realleges Paragraphs 1-24 as fully set forth herein.

**ANSWER:** **The Defendants re-allege each response to the preceding paragraphs as if fully restated herein.**

26. The force used against Frye by Lynn and Pettit was unnecessary and objectively unreasonable under the totality of the circumstances.

**ANSWER:** **Defendants Lynn and Pettit deny the allegations contained in paragraph 26 of Plaintiff's Complaint at Law.**

27. At all times relevant, Lynn and Pettit were acting under color of statutes, ordinances, regulations, customs, and usages of the State of Illinois, and within the scope of their employment as City of Lincoln Police Officers.

**ANSWER:** **Defendants Lynn and Pettit admit the allegations contained in paragraph 27 of Plaintiff's Complaint at Law.**

28. The actions of Lynn and Pettit are constituted unreasonable, unjustifiable, and excessive force against Frye, violating his rights under the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

**ANSWER:** **Defendants Lynn and Pettit deny the allegations contained in paragraph 28 of Plaintiff's Complaint at Law.**

29. As a proximately result of Lynn and Pettit's misconduct, Frye suffered extreme physical and emotional pain and suffering.

**ANSWER:** **Defendants Lynn and Pettit deny the allegations contained in paragraph 29 of Plaintiff's Complaint at Law.**

WHEREFORE, Defendants KEVIN LYNN and SHAWN PETTIT deny that Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT II – FEDERAL CLAIM

## FAILURE TO PROPERLY TRAIN AND SUPERVISE (DEFENDANT ADAMS)

30. Plaintiff repeats and realleges Paragraphs 1-29 as fully set forth herein.

**ANSWER:** **The Defendants re-allege each response to the preceding paragraphs as if fully restated herein.**

31. Adams had a duty to properly train and supervise members of the Lincoln Police Department in the use of force, including taser deployment.

**ANSWER:** **Defendant Adams denies the allegations contained in paragraph 31 of Plaintiff's Complaint at Law.**

32. Deployment of a taser against Frye under the circumstances was not consistent with commonly accepted law enforcement guidelines concerning such deployment.

**ANSWER:** **Defendant Adams denies the allegations contained in paragraph 32 of Plaintiff's Complaint at Law.**

33. Deployment of a taser against Frye under the circumstances demonstrates a failure to train and supervise members of the Lincoln Police Department in the proper use of force, including taser deployment.

**ANSWER:** **Defendant Adams denies the allegations contained in paragraph 33 of Plaintiff's Complaint at Law.**

34. Adams knew, or should have known, that such a failure to train and supervise would result in improper deployment of force and demonstrates a deliberate of the consequences of such failure to train and supervise.

**ANSWER:** **Defendant Adams denies the allegations contained in paragraph 34 of Plaintiff's Complaint at Law.**

35. Adam's failure to train and supervise concerning the proper deployment of force, including taser deployment, is the proximate cause of Frye's injuries.

**ANSWER:** **Defendant Adams denies the allegations contained in paragraph 35 of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant PAUL ADAMS denies that Plaintiff is entitled to any judgment whatsoever against him and prays that this Honorable Court will enter a judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT III – STATE CLAIM BATTERY

## (DEFENDANTS, LYNN, PETTIT AND CITY OF LINCOLN)

36. Plaintiff repeats and realleges Paragraphs 1-35 as fully set forth herein.

**ANSWER:** **Defendants re-allege each response to the preceding paragraphs as if fully restated herein.**

37. All of the times relevant, Lynn, Pettit, and the City, by and through their agents, Lynn and Pettit, had a duty to refrain from willful and wanton conduct in their treatment of citizens and individuals in their custody, including Frye.

**ANSWER:** **Defendants Lynn, Pettit and City of Lincoln admit only those duties imposed by law and to the extent the allegations in paragraph 37 conflict with the law, they are denied.**

38. As set forth above, Lynn, Pettit, and the City, by and through their agents, Lynn and Pettit intentionally, knowingly, and without legal justification or permission, committed an offensive touching of Frye's body, thereby constituting battery under Illinois law.

**ANSWER:** **Defendants Lynn, Pettit and City of Lincoln deny the allegations contained in paragraph 38 of Plaintiff's Complaint at Law.**

39. Lynn and Pettit's conduct was intentional, malicious, and willful and wanton.

**ANSWER:** **Defendants Lynn, Pettit and City of Lincoln deny the allegations contained in paragraph 39 of Plaintiff's Complaint at Law.**

40. As a proximate result of Lynn and Pettit's misconduct, Frye suffered serious injuries, and extreme physical and emotional pain and suffering.

**ANSWER:** **Defendants Lynn, Pettit and City of Lincoln deny the allegations contained in paragraph 40 of Plaintiff's Complaint at Law.**

WHEREFORE, Defendants KEVIN LYNN, SHAWN PETTIT, and CITY OF LINCOLN deny that Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT IV – STATE CLAIM

## INDEMNIFICATION OF CITY OF LINCOLN

41. Plaintiff repeats and realleges Paragraphs 1-40 as fully set forth herein.

**ANSWER:** **The Defendants re-allege each response to the preceding paragraphs as if fully restated herein.**

42. At all relevant times, the City was the employer of Lynn and Pettit.

**ANSWER:** **Defendant City of Lincoln admits the allegations contained in paragraph 42 of Plaintiff's Complaint at Law.**

43. Lynn and Pettit committed the acts alleged above under color of law and in the scope of their employees of the City.

**ANSWER:** **Defendant City of Lincoln admits the allegations contained in paragraph 43 of Plaintiff's Complaint at Law.**

44. Illinois law provides those governmental entities are directed to pay any tort judgments for any damages for which employees are liable within the scope of their employment activities.

**ANSWER:** **Defendant City of Lincoln admits only those duties imposed by law and to the extent the allegations in paragraph 44 conflict with the law, they are denied.**

WHEREFORE, Defendant CITY OF LINCOLN denies that Plaintiff is entitled to any judgment whatsoever against it and prays that this Honorable Court will enter a judgment in its favor and allow for the costs of defending this lawsuit.

    Respectfully submitted,

    HERVAS, CONDON & BERSANI, P.C.

    **s/ Charles E. Hervas**
    CHARLES E. HERVAS, *Attorney for Defendants*

CHARLES E. HERVAS, ARDC No. 06185117
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P:  630-773-4774      F:  630-773-4851
chervas@hcbattorneys.com

# FIRST AFFIRMATIVE DEFENSE

NOW COME Defendants, KEVIN LYNN, SHAWN PETTIT, and PAUL ADAMS, by and through their attorney, CHARLES E. HERVAS of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Complaint at Law, state as follows:

Defendants used reasonable and justified force under the facts and circumstances known to them at the time of the incident. Therefore, Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants KEVIN LYNN, SHAWN PETTIT, and PAUL ADAMS deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

**/s/ Charles E. Hervas**
CHARLES E. HERVAS, ARDC No. 06185117
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
chervas@hcbattorneys.com

# SECOND AFFIRMATIVE DEFENSE

NOW COME Defendants CITY OF LINCOLN, KEVIN LYNN, SHAWN PETTIT, and PAUL ADAMS, by and through their attorney, CHARLES E. HERVAS of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Complaint at Law, state as follows:

Plaintiff's claims are barred, in whole or in part, by the Illinois Local Governmental and Local Governmental Employees Tort Immunity Act, 745 ILCS 10/101 et seq. (the "Act"), including but not limited to the following:

1. Defendant CITY OF LINCOLN is a local public entity and its employees, including but not limited to Defendants KEVIN LYNN, SHAWN PETTIT, and PAUL ADAMS are local public employees, as those terms are defined under the Act.

2. Defendant CITY OF LINCOLN is not liable for any injury resulting from an act or omission of its employees, including Defendant Officers, where the employees are not liable. 745 ILCS 10/2-109 (West 2020). No City of Lincoln employee including but not limited to Defendants Lynn, Pettit, and Adams are liable for Plaintiff's alleged injuries and damages, so the City of Lincoln is not liable.

3. Defendant Officers are not liable for their alleged acts or omissions in the execution or enforcement of any law unless such acts constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2020). The Officers' conduct was not willful and wanton.

WHEREFORE, Defendants CITY OF LINCOLN, KEVIN LYNN, SHAWN PETTIT, and PAUL ADAMS deny that the Plaintiff is entitled to any judgment whatsoever against them

and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Charles E. Hervas**
CHARLES E. HERVAS, ARDC No. 06185117
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
chervas@hcbattorneys.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RYAN FRYE, ) | |
| ) | |
| Plaintiff, ) | Case No. 21-CV-1272 |
| ) | |
| vs. ) | |
| ) | Judge Sara Darrow |
| CITY OF LINCOLN, a Municipal Corporation, ) | |
| Lincoln Police Sgt. KEVIN LYNN, Individually ) | Magistrate Judge Jonathan E. Hawley |
| and as Agent or Employee of City of Lincoln, ) | |
| Lincoln Police Corporal SHAWN PETTIT, ) | Jury Trial Demanded |
| Individually and as Agent or Employee of ) | |
| City of Lincoln, Lincoln Police Chief ) | |
| PAUL ADAMS, Individually and as Agent ) | |
| or Employee of City of Lincoln, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on **December 15, 2021** I electronically filed the foregoing ***Defendants' Answer to Complaint at Law*** with the Clerk of the District Court for the Central District of Illinois, Springfield Division, using the CM/ECF system, which will send notification to the following CM/ECF participants:

TO:   Mr. James M. Kelly
        Mr. Jason Jording
        James Kelly Law Firm
        7817 N. Knoxville Ave.
        Peoria, IL 61614
        jim@jameskellylawfirm.com
        jordingj@jameskellylawfirm.com

                                            **/s/ Charles E. Hervas**
                                            CHARLES E. HERVAS, ARDC No. 06185117
                                            *Attorney for Defendants*
                                            HERVAS, CONDON & BERSANI, P.C.
                                            333 Pierce Road, Suite 195
                                            Itasca, IL 60143-3156
                                            630-773-4774
                                            chervas@hcbattorneys.com